FAHRNI, Appellant, v. ARTZ, Respondent.

(178 N. W. 733.)

(File No. 4691.   Opinion filed July 15, 1920.)

**Damages—Serving Heifers by Trespassing Bull—Value of Heifers, Diminution Of—Sufficiency of Evidence.**

> Where the evidence showed that plaintiff and defendant owned respective neighboring herds of cattle; that at time appellant's bull had broken upon respondent's land and there mingled with his cattle, that at other times respondent's cattle had trespassed upon appellant's land and mingled with his cattle; held, as against appellant's claim that there was no evidence by which to determine how many of respondent's heifers had been bred by appellant's bull upon respondent's land, and that there was no competent evidence as to damages; respondent having testified he had seen appellant's bull among his cattle on his land on several occasions, on each of which he had seen the bull serve one or more of his heifers, in all fifteen or twenty; that, owing to their age, the heifers after being bred were worth $15 a head less than if not bred, the evidence amply sustained a verdict for $125.

Appeal from Circuit Court, Faulk County.   Hon. Joseph H. Bottum, Judge.

Action by G. Fahrni, against Joseph Artz, to recover damages arising from alleged dimunition of value of plaintiff's heifers,

from being served by defendant's bull. From a judgment for defendant, and from an order denying a new trial. plaintiff appeals. Affirmed.

F. E. Snider, for Appellant.

O'Keefe & Auldridge, for Respondent.

Appellant cited: Laws 1907, Ch. 244; sec. 2002, Code 1919.

WHITING, J. [1, 2] The sole question before us is the sufficiency of the evidence to sustain the trial court's finding that respondent had suffered damages in the sum of $125 through the serving of respondent's heifers by appellant's bull, when such bull was trespassing upon respondent's land. It appears that these parties lived on neighboring farms; that each had a herd of cattle; that at times appellants's bull had broken upon respondent's land and there mingled with his cattle; that, at other times, respondent's cattle had trespassed upon appellant's land and mingled with appellant's cattle. Appellant claims that there was evidence showing that some at least of respondent's heifers had been bred by appellant's bull when such heifers were trespassing on appellant's land; that there was no evidence from which it could be determined how many of respondent's heifers had been bred by appellant's bull upon respondent's land; and that there was no competent evidence as to what damage, if any, respondent suffered by having a heifer bred.

Respondent testified that he had seen appellant's bull, upon several occasions among respondent's cattle on respondent's land; that, one each of such occasions, he had seen the bull serve one or more of his heifers; that in all he had seen the plaintiff's bull serve 15 or 20 of his heifers; and that, owing to their age, the heifers after being bred, were worth $15 a head less than if not bred. There was ample evidence to support a larger judgment, but of that appellant connot complain.

The judgment and order appealed from are affirmed.